IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RANDALL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-08-324-S-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| RONA SIEGERT, JOHN | ) | |
| HARDISON, DAVE BROMLEY, | ) | |
| OFFICER CARLILE, DOCTOR | ) | |
| CUSHING, and MARK | ) | |
| COMSTOCK, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether Plaintiff is entitled to proceed *in forma pauperis* and whether the allegations of the Complaint are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2). Plaintiff also filed a Motion for Appointment of Counsel (Docket No. 6) and a Motion to Expedite Injunctive Relief (Docket No. 10).

Having carefully reviewed the record, the Court has determined that Plaintiff will be authorized to proceed with an Eighth Amendment claim against Defendants as set forth below. The Court will also grant Plaintiff's request for indigent filing status, but his requests for appointment of counsel and an order expediting

**ORDER  1**

injunctive relief will be denied.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC).  He is presently incarcerated at the Idaho State Correctional Institution (ISCI).  Plaintiff named the following Defendants in the Complaint: Brent Reinke, Kevin Butler, Rona Siegert, John Hardison, Randy Blades, Jill Whittington, Dave Bromley, Officer House, Pam Murry, Officer Cully, Officer Ophenhimer, Officer Carlile, Correctional Medical Services (CMS), April Dawson, M.D., Doctor Cushing, Linda Young, and Mark Comstock.  *Complaint*, p. 1-3.

Plaintiff alleges that he has been trying to obtain adequate medical care for the past two years.  He claims that he has a degree in dentistry, and that he is being denied care for serious dental conditions.  He claims that the denial of dental treatment caused him to endure many weeks of pain and suffering.  Plaintiff further alleges that he suffers from back and hip joint pain.  He claims that Defendant Comstock, a medical technician, failed to provide any treatment for his back and hip pain.  As a result of the inadequate medical care, Plaintiff claims that he suffers from extreme pain, and that he cannot walk to programming classes or to the dining hall.  Defendant Comstock allegedly refused to schedule doctor visits for Plaintiff.  *Complaint*, p. 9.

**ORDER  2**

Plaintiff asserts that he filed fifty grievances against Defendants, challenging the lack of medical and dental treatment. He alleges that Defendants would "pretend" to respond to his requests for treatment and grant the health services requests, but then the promised treatment was ignored. *Id*., p. 10. He requested copies of his medical records, but Defendants allegedly denied the records.

Plaintiff alleges that Defendants retaliated against him by placing him in detention and transferring him to Unit 14, "where it is a known hotbed of violent inmates [who] prey on weaker inmates." *Id*., p. 11. He claims that Defendant Bromley purposely left his cell door open and allowed inmates to destroy his personal property. He also alleges that Defendant Whittington, the IDOC grievance coordinator, ignored Plaintiff's grievance forms and frustrated the grievance process. *Id*., p. 8, 11.

Plaintiff also claims that Defendant Carlile retaliated against him by searching through and destroying some of his legal materials. He further claims that Defendants placed him in dangerous situations where violent inmates could assault Plaintiff. He alleges that Defendants knew they were placing him in dangerous situations in which he would be attacked. *Id*., p. 12.

Plaintiff requests compensatory damages and declaratory and injunctive relief. He also requests that Defendants be enjoined from retaliating against him in

**ORDER 3**

the future.  *Id*., p. 13-14.

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

### Eighth Amendment Legal Standard

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To prevail on an Eighth Amendment claim regarding prison medical care, Plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04

**ORDER  4**

(1976)).  Deliberate indifference can be "manifested by prison doctors in their

response to the prisoner's needs or by prison guards in intentionally denying or

delaying access to medical care or intentionally interfering with the treatment once

prescribed." *Estelle,* 429 U.S. at 104-05.

The Supreme Court has stated that "[b]ecause society does not expect that

prisoners will have unqualified access to health care, deliberate indifference to

medical needs amounts to an Eighth Amendment violation only if those needs are

'serious.'" *Id.*

> The Ninth Circuit has defined a "serious medical need" in the
> following ways:  failure to treat a prisoner's condition [that]
> could result in further significant injury or the unnecessary and
> wanton infliction of pain; . . . [t]he existence of an injury that a
> reasonable doctor or patient would find important and worthy
> of comment or treatment; the presence of a medical condition
> that significantly affects an individual's daily activities; or the
> existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other*

*grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious

medical condition or when an official is "aware of facts from which the inference

could be drawn that a substantial risk of harm exists," and actually draws such an

inference.  *Farmer v. Brennan,* 511 U.S. 825, 838 (1994).  Differences in judgment

between an inmate and prison medical personnel regarding appropriate medical

**ORDER  5**

diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment.  *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980).  A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm.  *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

It appears that Plaintiff has adequately alleged the personal participation of Defendants Siegert, Cushing, and Comstock in the Eighth Amendment violations. He has failed to adequately link the other Defendants to the alleged failure to provide medical and dental treatment.  In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation against a defendant:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant.  *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979).  A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

For example, Plaintiff listed April Dawson, M.D. and CMS in the Complaint, but he failed to link them to the deliberate failure to provide medical treatment.

**ORDER  6**

Therefore, Plaintiff will not be authorized to proceed against these Defendants.

Plaintiff also seeks injunctive relief from officials who have direct responsibility in the area in which Plaintiff is incarcerated. *See Rounds v. Oregon State Bd. of Higher Education*, 66 F.3d 1032, 1036 (9th Cir. 1999); *Ex Parte Young*, 209 U.S. 123, 157-58 (1908).  Therefore, Plaintiff will be authorized to proceed with an injunctive relief claim against Defendant Hardison, the Warden at ISCI.

The Clerk of Court will be directed to send a Notice of Waiver of Service of Summons to the Defendants' counsel on behalf of Defendants Siegert, Cushing, Comstock, and Hardison.

### Retaliation Standard

A retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  A "chilling effect on First Amendment rights" is enough to state an injury. *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001).

Plaintiff claims that he was transferred and his property was destroyed in

**ORDER  7**

retaliation for requesting medical treatment.  Plaintiff also alleges that correctional

officers retaliated against him by placing him in a dangerous housing assignment,

knowing he would be injured.  Plaintiff's allegations state a colorable retaliation

claim under the First Amendment upon which he may proceed against Defendants

Carlile and Bromley.  There are insufficient allegations of retaliation against the

additional Defendants.

Additionally, Plaintiff will not be authorized to proceed against Defendant

Whittington, the IDOC grievance coordinator, and Defendant Murry, the Food

Services Manager, at this point in the litigation. Plaintiff alleged that Defendants

Whittington and Murry failed to address and return his grievance forms.  Such

failures are not constitutional violations.  "There is no legitimate claim of

entitlement to a [prison] grievance procedure."  *Mann v. Adams*, 855 F.2d 639, 640

(9th Cir. 1988), *cert. denied*,  488 U.S. 898 (1988); *see Sandin v. Connor*, 515 U.S.

472 (1995) (noting that liberty interests are generally limited to freedom from

restraint).  Accordingly, these Defendants will be dismissed from the Complaint.

## PENDING MOTIONS

Plaintiff filed a motion to proceed *in forma pauperis*, supported by an

affidavit of assets and a prison trust account statement.  The Court has reviewed

Plaintiff's affidavit, and it appears that good cause exists to grant Plaintiff's

**ORDER  8**

request.  The Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, which allows him to pay the filing fee over time according to the schedule set forth in 28 U.S.C. § 1915(b)(1).

Plaintiff also filed a Motion for Appointment of Counsel.  Plaintiff's Motion will be denied without prejudice to renewing it later in his case.  Unlike criminal defendants, prisoners in civil actions have no constitutional right to counsel unless their physical liberty is at stake.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Whether a court appoints counsel for indigent litigants is within the court's discretion.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "extraordinary cases." *Id*. at 1330.  To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Neither factor is dispositive, and both must be evaluated together.  *Id*.

Applying the factors to this case, the Court finds that it is not possible at this stage of the action to determine the likelihood of Plaintiff's success on the merits. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues are not complex in this matter.  Based on the foregoing reasons, the

**ORDER  9**

Court will deny Plaintiff's Motion for Appointment of Counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

Plaintiff is advised that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). When a Court "appoints" an attorney in a prisoner civil rights action, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. Plaintiff is encouraged to obtain his own counsel on a contingency fee or pro bono basis, if at all possible.

Finally, Plaintiff filed a Motion to Expedite Injunctive Relief. He requests a "no contact order" against unnamed IDOC officials and medical testing and treatment through a medical provider other than CMS. *Docket No. 10*, p. 4. It is unclear from the allegations in the Motion exactly what the nature of Plaintiff's medical problems are for which he seeks an outside evaluation. He states that he has experienced loss of sleep and believes he may be experiencing side effects from taking the wrong prescription medication. *Id.*, p. 2.

The record before the Court is insufficient to determine whether Plaintiff

**ORDER  10**

may be entitled to some form of injunctive relief.  When a party seeks a

preliminary injunction, the court must deny such relief "unless the facts and law

clearly favor the moving party."  *See Stanley v. University of S. Cal.*, 13 F.3d 1313,

1320 (9th Cir. 1994) (quotation and citation omitted).  In deciding whether to issue

a preliminary injunction, the court "is not bound to decide doubtful and difficult

questions of law or disputed questions of fact."  *Internat'l. Molders' and Allied

Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (citing

*Dymo Industries, Inc. v. Tapewriter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).  A

court "is not obligated to hold a hearing [on a motion for a preliminary injunction]

when the movant has not presented a colorable factual basis to support the claim on

the merits or the contention of irreparable harm."  *Bradley v. Pittsburgh Board of

Education,* 910 F.2d 1172, 1176 (3rd Cir. 1990).

    To demonstrate that he will probably be successful on the merits of his

medical claim, Plaintiff must show that there exist "acts or omissions sufficiently

harmful to evidence deliberate indifference to serious medical needs."  *Hudson v.

McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04

(1976)).  There is nothing in the Motion alleging that Defendants' current medical

treatment rises to the level of deliberate indifference to a serious medical need.

    As set forth below, the Court will order Defendants to arrange an inspection

**ORDER  11**

of Plaintiff's medical records.  After the medical records review, he may renew his

request for injunctive relief, if he meets the standards set forth above.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants shall be

allowed to waive service of summons by executing, or having their counsel

execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d)

and returning it to the Court within thirty (30) days.  If Defendants choose to waive

service, the answer or pre-answer motion shall be due in accordance with Rule

12(a)(1)(B).  The Court construes the Complaint to be pages 1-14 of Docket No. 1.

Accordingly, the Clerk of Court shall forward a copy of the Complaint (Docket

No. 1), a copy of this Order, and a Waiver of Service of Summons to John J.

Burke, Hall, Farley, Oberrecht & Blanton, 702 West Idaho, Suite 700, P.O. Box

1271, Boise, ID  83701, on behalf of Defendant Comstock.  The same set of

documents shall be sent to Paul Panther, Deputy Attorney General, P.O. Box

83720, Boise, Idaho 83720-0018, on behalf of Rona Siegert, John Hardison, Dave

Bromley, Officer Carlile, and Doctor Cushing.   Defendants Brent Reinke, Kevin

Butler, Randy Blades, Jill Whittington, Officer House, Pam Murry, Officer Cully,

Officer Ophenhimer, Correctional Medical Services (CMS), April Dawson, M.D.,

and Linda Young will be dismissed from the Complaint at this time.


**ORDER  12**

IT IS FURTHER HEREBY ORDERED that within thirty (30) days of filing the Waiver of Service of Summons, Defendants shall arrange for Plaintiff to inspect his medical records dating back to two years prior to the filing of the Complaint, copies of any medical test results performed within the same time period, and the prescription records from the pharmacy.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 3) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 6) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Expedite Injunctive Relief (Docket No. 10) is DENIED.

DATED: **December 5, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  13**